**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| **ex rel. JUAN OCON,** | ) | |
| | ) | |
| **Petitioner,** | ) | **No. 12 C 8212** |
| | ) | |
| v. | ) | **Judge Ronald A. Guzmán** |
| | ) | |
| **MARCUS HARDY, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM OPINION AND ORDER

On February 25, 2002, Juan Ocon was convicted in state court of first degree murder and attempted first degree murder and sentenced to concurrent terms of forty-five and fifteen years' imprisonment, respectively. (Pet. at 1; Gov't Ex. A, *People v. Ocon*, No. 1-02-1567 at 1 (Ill. App. Ct. Dec. 15, 2003).) He has filed a petition pursuant to 28 U.S.C. § 2254 to set aside the convictions, arguing that his: (1) trial counsel was ineffective because he did not move to quash Ocon's arrest; (2) appellate counsel was ineffective because he did not raise the first issue on appeal; and (3) post-conviction counsel was ineffective for failing to raise the first and second issues in Ocon's post-conviction petition. (Pet. at 5.)

A claim of ineffectiveness of post-conviction counsel is not cognizable under § 2254. *See* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.") Thus, Ocon is not entitled to relief on his third claim.

Ocon can pursue the two other claims only if he previously raised them in "one complete round of state-court review." *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004); *see* 28 U.S.C.

§ 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."). "This means that the petitioner must raise [them] at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Lewis*, 390 F.3d at 1025-26. Ocon raised the first and second claims in his post-conviction petition but not in his appeal of the denial of that petition or in his petition for leave to appeal to the Illinois Supreme Court. (*See* Gov't Ex. G, Pet. Post-Conviction Relief, *People v. Ocon*, No. 00-CR-8905 at 15-16 (Cir. Ct. Cook Cnty. Sept. 9, 2004); Gov't Ex. H, Br. & Arg. Pet'r-Appellant, *People v. Ocon*, No. 1-10-0255 at 1 (Ill. App. Ct. Feb. 8, 2011); Gov't Ex. L, *People v. Ocon*, No. 113835 at 2-3 (Ill. Feb. 8, 2012).) Consequently, these claims are procedurally defaulted.

The Court can nonetheless consider the defaulted claims if Ocon shows cause for and prejudice from having failed to raise them in state court. *Lewis*, 390 F.3d at 1026. The only apparent reason for the default, however, is that Ocon or his post-conviction counsel failed to raise these claims.[1] Such failures do not, as a matter of law, constitute "cause" for the default. *See id.* (stating that "[c]ause" for a procedural default is an "external impediment [that] prevented the petitioner from presenting his federal claim to the state courts"); *Neal v. Gramley*, 99 F.3d 841, 843 (7th Cir. 1996) (stating that "[t]here is no federal constitutional right to counsel in a postconviction proceeding," and thus "procedural defaults due to the blunderings of such counsel are not to be excused").

---

[1]Ocon was given an opportunity to file a reply brief in support of his petition but failed to do so. (*See* 12/17/12 Minute Order.)

Alternatively, the Court can consider the defaulted claims if Ocon can establish that he is actually innocent of the crimes for which he was convicted, *i.e.*, "that no reasonable [fact finder] would have found him guilty . . . but for the error(s) he attributes to the state court." *Lewis*, 390 F.3d at 1026. Because Ocon offers no evidence to support this exception, his defaults are not excused.

## Conclusion

For the reasons set forth above, the Court denies Ocon's petition for a writ of habeas corpus and terminates this case. The Court also declines to issue a certificate of appealability because Ocon has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

**SO ORDERED.**                                               **ENTERED: March 15, 2013**

*Ronald A. Guzman*
_____
**HON. RONALD A. GUZMAN**
**United States District Judge**